IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGEL DOMINGUEZ,

    Plaintiff,

v.                                                                 Case No. 20-cv-0657-MV-KBM

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Angel Dominguez's *Pro Se* Civil Rights Complaint (Doc. 1) (Complaint). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. He seeks money damages on the ground that prison officials are holding him without an order of arrest/incarceration. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court concludes that Plaintiff's claims are controverted by the state criminal record and fail as matter of law. The Court will therefore dismiss the Complaint.

## BACKGROUND

Plaintiff is incarcerated at the Lea County Correctional Facility ("LCCF"). He alleges that he was sentenced without an arrest order and is now illegally incarcerated. *See* Doc. 1 at 5-6. Plaintiff further alleges that he did not receive adequate notice of a sentencing enhancement under N.M. Stat. Ann. § 31-18-15.1(D). *Id.* at 5. That section requires the state to notify an offender at least five days prior to sentencing "that it intends to seek an increase to an offender's basic sentence based upon aggravating circumstances." N.M. Stat. Ann. § 31-18-15.1(D). It is unclear whether Plaintiff received such an enhancement. He submitted an Order from New Mexico's Third Judicial District Court, which states that his "sentence was not increased based on aggravating

circumstances pursuant to N.M.S.A. § 31-18-15.1." Doc. 12 at 2. In any event, the Complaint states that Plaintiff has lost his freedom for 15 years due to such negligence. *Id.*

The Complaint characterizes the alleged wrongdoing as a violation of 42 U.S.C. § 1983, the Eighth Amendment, and the Fourteenth Amendment. *Id.* at 3. Plaintiff seeks money damages in an amount to be determined by the Court. *Id.* The Complaint names two Defendants: the State of New Mexico and the New Mexico Department of Corrections. Plaintiff obtained leave to proceed *in forma pauperis,* and the matter is ready for initial review.

## STANDARDS GOVERNING INITIAL REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints filed while an individual is incarcerated. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro*

*se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Pro se litigants are ordinarily given an opportunity to amend their pleadings, unless such an amendment would be futile. *Id.*

## DISCUSSION

The Complaint raises claims under 42 U.S.C. § 1983, which "requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, Plaintiff does not state a cognizable claim against any Defendant. Neither the State of New Mexico nor the "New Mexico Department of Corrections is … a 'person' subject to suit" for money damages "under § 1983." *Blackburn v. Dep't of Corr.*, 172 F.3d 62, 63 (10th Cir. 1999); *see also Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Plaintiff's allegation that he was sentenced and incarcerated without a valid legal order is also controverted by the state criminal docket, No. D-307-CR-2005-1052. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records"); *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Federal courts may take

"judicial notice of the state-court docket sheet"). The state docket reflects that a jury convicted Plaintiff of over 50 counts of criminal sexual penetration of a child. *See* Verdict entered October 4, 2006 in D-307-CR-2005-1052. The state court sentenced Plaintiff to 63 years imprisonment by a Judgment entered December 28, 2006. *See* Judgment in D-307-CR-2005-1052. The New Mexico Court of Appeals and the New Mexico Supreme Court affirmed the Judgment. *See* Memorandum Opinion Affirming in A-1-CA-27461; Order Denying Cert. Pet. in S-1-SC-30770. Accordingly, Plaintiff cannot show that he has been held without a valid arrest order or judgment for the past 15 years.[1]

To the extent that Plaintiff seeks money damages based on the alleged aggravating circumstances sentence enhancement, such relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* addresses the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. *Heck* held that the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. A plaintiff can only maintain such a claim if he or she can "demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Following the issuance of *Heck*, the Supreme Court has added that the doctrine also bars declaratory and injunctive relief to the extent that a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence. *See Wilkinson*

---

[1] If Plaintiff challenges the arrest itself, rather than his incarceration, the false arrest claim also fails. "Because a jury convicted [Plaintiff], he cannot plausibly allege there was no probable cause" for any arrest. *Blake v. Hong*, 2023 WL 382928, at *3 (10th Cir. Jan. 25, 2023). *See also Gouskos v. Griffith,* 122 F. App'x 965, 972 (10th Cir. 2005) ("[I]f the false-arrest plaintiff is convicted in the criminal trial for the acts for which he was arrested, probable cause for his arrest is conclusively established and precludes a subsequent civil action for false arrest.").

*v. Dotson*, 544 U.S. 74, 80-81 (2005) (applying *Heck* where the plaintiff sought declaratory and injunctive relief); *Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* where the plaintiff sought money damages and declaratory relief).

The state docket and New Mexico Corrections Department website reflect that Plaintiff's convictions have not been vacated. *See* https://search.cd.nm.gov/history_detail; Docket Sheet in D-307-CR-2005-1052. Compensating Plaintiff based on illegal incarceration and/or the failure to give notice of an alleged aggravating circumstance enhancement under N.M. Stat. Ann. 31-18-15.1(D) would necessarily imply that the state sentence is invalid. *See Cardoso v. Calbone,* 490 F.3d 1194, 1199 (10th Cir. 2007) (plaintiff's § 1983 claims that officials failed to give him proper notice regarding a disciplinary hearing were foreclosed under *Heck*); *Dare v. United States*, 264 F. App'x 183, 184–85 (3d Cir. 2008) (applying Heck to plaintiff's illegal confinement claim, as he "failed to show that the duration of his sentence had ever been invalidated"); *Denney v. Werholtz*, 348 F. App'x 348, 351 (10th Cir. 2009) (unpublished) (affirming district court's application of *Heck* to plaintiff's § 1983 claim challenging an "indeterminate [state] sentence"); *Davis v. Kansas Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (*Heck* bars damages claim "based on the defendants' alleged failure to properly apply the Kansas Sentencing Guidelines").

For the foregoing reasons, the Complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to § 1915(e). As noted above, *pro se* prisoners are normally given an opportunity to remedy defects in their pleadings, if such defects can be remedied. However, courts do not *sua sponte* invite an amendment when any amended claims would also be subject to immediate dismissal under Rule 12(b)(6) or § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As a matter of law, Plaintiff cannot

recover money damages on the grounds that he is being held without a valid legal order or that his state sentence is unconstitutional. Amending the § 1983 complaint would therefore be futile. The Court will dismiss the Complaint without prejudice and close this civil rights case. *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.").

If Plaintiff wishes to seek a release from custody based on any defects in his state sentence, he should file a 28 U.S.C. § 2254 habeas corpus proceeding. *See Tillman v. Utah,* 851 F. App'x 133, 134 (10th Cir. 2021) ("[C]hallenges to the validity of his conviction … must be brought in a 28 U.S.C. § 2254 proceeding") (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)). The Clerk's Office will mail Plaintiff a blank § 2254 petition for that purpose.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e); and the Court will enter a separate judgment closing the civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form 28 U.S.C. § 2254 habeas petition, which he can use if he wishes to file a federal habeas proceeding.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE